UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY MCSHANE,

Plaintiff,

vs.

Case No.
6:26-cv-811-PGB-RMN

PFIZER INC.,

Defendant.

## REPORT AND RECOMMENDATION

After the Court dismissed his initial complaint, *pro se* Plaintiff Jeffrey McShane filed an Amended Complaint against Pfizer Inc. Dkt. 20. Plaintiff also filed a Motion to Proceed *in forma pauperis* ("IFP Motion", Dkt. 22).[1] Considering the standards the Court must apply and the allegations in the Complaint, I respectfully recommend denying the IFP Motion and dismissing the Amended Complaint.

## I.  LEGAL STANDARDS

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must

---

[1] Plaintiff filed his first amended motion to proceed *in forma pauperis* (Dkt. 21) a few days before he filed a second amended motion (Dkt. 22). Thus, the first amended motion (Dkt. 21) was denied as moot, and the Court considers the merits of the amended motion (Dkt. 22).

evaluate a plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint under section 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous under section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*,

493 U.S. 863 (1989). If the complaint is deficient, the court must dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## II.  ANALYSIS

First, I consider whether Plaintiff qualifies as a pauper and then I discuss the adequacy of the Complaint.

### A.    Financial Information

When considering an IFP Motion, the Court must assess whether the statements in the IFP application or accompanying declaration satisfying the requirements of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). The Court does this by comparing the applicants' assets, income, and liabilities. *See, e.g., id.* at 1307–08 (noting that "the district court was unable to compare Martinez's assets with her liabilities in order to determine whether she satisfied the poverty requirement"). After a careful review of the IFP Motion, I find Plaintiff qualifies as a pauper. *See* Dkt. 22.

### B.    Adequacy of the Amended Complaint

Plaintiff's Amended Complaint purports to bring entirely new theories of claims that were not plead in his earlier Complaint. *Compare* Dkt. 1 with Dkt. 20.[2] The Amended Complaint purports to bring claims against Pfizer for: (I) Violation of Civil RICO—18 U.S.C. § 1964(c); (II) "Civil

---

[2] Plaintiff's initial Complaint alleged various Section 1983 claims, state common law and statutory claims, and attempted to bring civil causes of action utilizing criminal statutes. *See* Dkt. 1.

Conspiracy to Obstruct Justice—42 U.S.C. § 1985(2)"; (III) "Conspiracy to Obstruct Federal Advocacy and Retaliate—42 U.S.C. § 1985(3)"; (IV) intentional infliction of emotional distress under Florida law; (V) negligent supervision and retention under Florida law; and (VI) "Abuse of Process" pursuant to Florida law. Dkt. 22 at 154–161.[3] I will discuss each count in turn.

### 1.    Violation of Civil RICO – 18 U.S.C. § 1864(c)

The federal RICO statute has four elements: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000). "Plaintiffs in such an action must identify and prove a pattern of racketeering activity, defined as two 'predicate acts' of racketeering activity within a 10-year period." *Id.* at 1311–12 (citing U.S.C. § 1961(5)). "The phrase 'racketeering activity' is defined as any act which is indictable under a lengthy list of criminal offenses," including any act or threat involving murder, kidnapping, gambling, arson, robbery, extortion, bribery, mail fraud, wire fraud, counterfeiting, etc. *Id.* at 1312; *see also* 18 U.S.C. § 1961(1).

Plaintiff must allege "facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997). And the Amended Complaint here fails to allege sufficient facts, besides mere

---

[3] In this Report, pin citations to the record reference the PageID found in the CM/ECF header of each page.

conclusory statements, of any predicate acts. At best, Plaintiff attempts to allege *one* predicate act of Pfizer "diverting" a letter to "the enterprise"— which really means they forwarded a notice of intent to sue to the person identified in the letter. This allegation, even if an attempt to allege one predicate act, does not amount to any illegal activity on behalf of Pfizer. And none of the other complained of allegations—such as "the enterprise"[4] forcing Plaintiff to sign a "civil release" under "explicit threat of triggering a New Jersey criminal prosecution"—have any connection to Pfizer itself. *See* Dkt. 20 at 154–55. Thus, Count I should be dismissed.

### 2.    Conspiracy pursuant to 42 U.S.C. § 1985(2) and (3)

Section 1985 provides a redress against conspiracies to interfere with civil rights. *See Childree v. UAP/GA CHEM, Inc.*, 92 F.3d 1140, 1146–47 (11th Cir. 1996). Subsection (2) provides a cause of action to victims of conspiracies intended to injure or deter "any party or witness in any court . . . from attending such court, or from testifying to any matter pending therein." 42 U.S.C. § 1985(2). Subsection (3) provides a cause of action to victims of a conspiracy to deprive any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. 42 U.S.C. § 1985(3).

Both §§ 1985(2) and (3) require the existence of a conspiracy to state a claim. *Farese v. Scherer*, 342 F.3d 1223, 1229 (11th Cir. 2003) (per curiam).

---

[4] Which is really Justin McShane—a third-party individual and alleged employee of Pfizer. *See* Dkt. 20 at ¶¶ 16, 22–34.

And upon review of the Amended Complaint, Plaintiff fails to properly allege a conspiracy between Pfizer and "its Director of Investor Relations" so that his Section 1985 claims must be dismissed. Besides the mere conclusory allegations that these entities "entered into an agreement" in some unknown manner "to deter Plaintiff from fully prosecuting and attending to this active federal civil action," (Dkt. 22 at ¶¶ 65, 70), there are no allegations to support a conspiracy. Because the Amended Complaint fails to state a plausible claim or plead with enough detail to satisfy Rule 8, Count II and III must be dismissed.

Even so, Count III should be dismissed for another reason. The elements of a Section 1985(3) claim are:

> (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Childree*, 92 F.3d at 1146–47.

To prove the second element, a plaintiff must show that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" motivates the conspirators' actions. *Id.* at 1147 (citation and quotation marks omitted).

- 6 -

In the Amended Complaint, Plaintiff fails to state a Section 1985(3) claim because he fails to allege any racial or "otherwise class-based, invidiously discriminatory animus" motivated any of the alleged actions. Instead, Plaintiff alleges that Pfizer entered into some amorphous agreement to "intimidate, and injure Plaintiff for exercising his lawful right to advocate and prosecute pre-litigation claims and this active federal action against Pfizer." Dkt. 20 at ¶ 70. There is no allegation in his Amended Complaint that the alleged conspiracy was motivated by any racial or class-based discriminatory animus. For this reason, Count III should be dismissed.

### 3.    Intentional Infliction of Emotional Distress

To state a cause of action for intentional infliction of emotional distress, a plaintiff must allege "1) the defendant acted recklessly or intentionally; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's conduct caused the plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe." *Ward v. Casual Rest. Concepts Inc.*, No. 8:10-cv-2640, 2011 WL 2600511, at *4 (M.D. Fla. June 29, 2011). Florida law requires the level of conduct at issue to be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Freese v. Wuestoff Health Sys., Inc.*, No. 6:06-cv-175, 2006 WL 1382111, at *9 (M.D. Fla. May 19, 2006) (citing *Rumbel v. Suggs*, 908 F. Supp. 901, 904 (M.D.Fla.1995)). Conduct such as "mere insults,

indignities, threats, or false accusations," will not result in liability. *Williams v. Worldwide Flight Servs. Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004).

Plaintiff alleges simply that Pfizer received some "pre-litigation complaints" and forwarded them to its employee mentioned in those documents. *See* Dkt. 20 at ¶ 74. All the other complained about conduct appears to have been done by a third-party to this litigation—Justin McShane—and not Pfizer. None of these allegations meet the "higher standard" imposed for maintaining a cause of action for intentional infliction of emotional distress, let alone the pleading standards of Rule 8. *See Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499 (M.D. Fla. 1993). Thus, the Court should dismiss Count IV.

### 4. Negligent Supervision and Retention

Pursuant to Florida law, "negligent supervision and retention occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicates his unfitness and the employer fails to take further action such as investigation, discharge, or reassignment." *Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284, 1298 (M.D. Fla. 2006). The "underlying wrong allegedly committed by an employee in a negligent supervision or negligent retention claim must be based on an injury resulting from a tort which is recognized under common law." *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999). Count V should be dismissed based on shotgun pleading standards—but I discuss the merits of the claims as well.

### a.   Shotgun Pleading

The Amended Complaint commits the ultimate sin "of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Because negligent retention and negligent supervision are different causes of action, they have different elements and must be plead separately to avoid confusion. *See Doe v. Norwegian Cruise Lines, Ltd.*, 744 F. Supp. 3d 1300, 1310–11 (S.D. Fla. 2024) ("negligent retention [is a] distinct cause[] of action, requiring separate findings of fact and thus must be plead separately from a claim of negligent hiring and negligent supervision."); *see also Finch v. Carnival Corp.*, 701 F. Supp. 3d 1272, 1283–84 (S.D. Fla. 2023) (dismissing a count for combining negligent hiring, retention, and training because it was a shotgun pleading and they are "different causes of action with distinct elements requiring separate findings").

Because this Amended Complaint contains one cause of action alleging *both* negligent retention and negligent supervision, it should be dismissed as an impermissible shotgun pleading.

### b.   Negligent Retention

Count V should be dismissed on the merits as well. In negligent retention cases, the ultimate question of liability to be decided is "whether it was reasonable for an employer to permit an employee to perform his job in light of information about the employee which employer should have known." *Gillis v. Sports Auth., Inc.*, 123 F. Supp. 2d 611, 617 (S.D. Fla.

2000) (citation omitted). "Only when an employer has somehow been responsible for bringing a third person into contact with an employee, whom the employer knows or should have known is predisposed to committing a wrong under circumstances that create an opportunity or enticement to commit such a wrong, should the law impose liability on the employer." *Id.*

Here, it is preposterous to impose liability on Pfizer. From the allegations in the Amended Complaint, it seems that Plaintiff personally knows the "Director of Investor Relations" such that they are either a family member or close, personal friend.[5] There are no allegations connecting Pfizer to Plaintiff's relationship with the "Director of Investor Relations." *See generally*, Dkt. 20. In other words, Pfizer was not responsible for bringing Plaintiff into contact with the Director and therefore liability should not be imposed on them for any of his alleged misdeeds.

### c.    Negligent Supervision

As to the negligent supervision claim, there are no allegations in the Amended Complaint pertaining to Pfizer's mishandling of its alleged notice of the employee's conduct. Besides the conclusory statement that "Pfizer

---

[5] Although the Amended Complaint is entirely unclear, it appears that the "Director of Investor Relations" is Justin McShane. Justin McShane is not a party to this litigation.

Notably, this third-party individual has the same last name as Plaintiff. The allegations in the Amended Complaint seemingly allude to some domestic dispute between Plaintiff and Justin McShane. *See* Dkt. 20 at ¶¶ 16–21.

- 10 -

failed to discipline or restrict the employee's access to Plaintiff's data," there are no allegations about the veracity or breadth of any investigation into Plaintiff's "notice" or allegations against the employee at issue. In fact, Plaintiff alleges that Pfizer "acknowledged receipt of Plaintiff's Notice" (Dkt. 20 at ¶ 25) and took *some* action. Plaintiff alleges that Pfizer "explicitly requested that Plaintiff provide additional information regarding the concern for review by 'Pfizer Compliance Investigations.'" Dkt. 20 at ¶ 26. At best, Plaintiff is alleging that Pfizer *did* initiate an investigation into the alleged conduct of the employee. As such, Plaintiff does not allege that the Defendant "fails to take further action such as investigation, discharge, or reassignment." *Martinez*, 422 F. Supp. 2d at 1298. I respectfully recommend that Count V should therefore be dismissed.

### 5.   "Abuse of Process"

Plaintiff's Count VI alleges a cause of action for "abuse of process" pursuant to Florida common law. *See* Dkt. 20 at ¶¶ 82–85.

To establish an abuse of process claim, a plaintiff must demonstrate: (1) an illegal, or improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of defendant's actions. *Valdes v. GAB Robins N. Am., Inc.*, 924 So. 2d 862, 867 (Fla. 3d DCA 2006). "The usual abuse of process claim involves some form of extortion— using a criminal prosecution to force payment of a civil debt." *Bembry v.*

*City of Tallahassee*, No. 4:05-cv-286, 2006 WL 1080676, at \*4 (N.D. Fla. Apr. 24, 2006).

Here, Plaintiff's abuse of process claim rests on the allegations that Pfizer "extorted" Plaintiff into dropping an active federal lawsuit indirectly by "supplying the internal corporate compliance transmission data utilized as the sole factual pretext for the New Jersey filing." Dkt. 20 at ¶¶ 84–85. Plaintiff alleges Pfizer then "ratified" a third-party's conduct. *Id.* at ¶ 85. Notably, none of the allegations support affirmative conduct by Pfizer *itself* directly leading to the "New Jersey filing." And an abuse of process has not occurred unless the process is used to accomplish an immediate purpose other than that for which it was designed. *See Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984). The fact that a party (or in this case non-party) may be motivated by incidental or concurrent benefits of the use of process is not sufficient to constitute an abuse. *See S&I Investments v. Payless Flea Mkt., Inc.*, 36 So. 3d 909, 917 (Fla. 4th DCA 2010) ("There is no abuse of process . . . when the process is used to accomplish the result for which it was created, *regardless of an incidental or concurrent motive of spite or ulterior purpose.*" (emphasis in original) (quoting *Bothmann*, 458 So. 2d at 1169)).

And further, it is clear under Florida law that "filing a lawsuit with the ulterior motive of harassment does not constitute abuse of process . . . the tort of abuse of process is concerned with the improper use of process after it issues." *Della-Donna v. Nova Univ., Inc.*, 512 So. 2d 1051, 1055–56 (Fla.

4th DCA 1987); *Steinhilber v. Lamoree*, 825 F. Supp. 1003, 1006 (S.D. Fla. 1992); *Miami Herald Pub. Co., Div. of Knight-Ridder Newspaper, Inc. v. Ferre*, 636 F. Supp. 970, 974–75 (S.D. Fla. 1985) ("[I]t is clear that Ferre's contentions that plaintiffs have abused process by commencing this lawsuit [. . .] fail to state a claim for relief insofar as neither involves the requisite allegation of post-issuance of process abuse.").

Because Plaintiff's Amended Complaint fails to contain sufficient allegations *against Pfizer* to meet the pleading standards of Rule 8, I respectfully recommend the Court dismiss Count VI.

### C.    Dismiss with Prejudice

Lastly, a *pro se* Plaintiff must be given at least one chance to amend his complaint before the court dismisses it. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.1 (11th Cir. 2002) (en banc). Plaintiff has had two opportunities to plead a viable claim and has not done so. The time has come to dismiss this domestic dispute with tenuous-at-best connection to Pfizer. I respectfully recommend that the Court do so.

### III.   RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.      **Deny** Plaintiff's Motion to Proceed *in forma pauperis* (Dkt. 22);

2.      **DISMISS without prejudice** Plaintiff's Amended Complaint (Dkt. 15) and without leave to amend; and

3.    **DIRECT** the Clerk to terminate any pending deadlines and close the case.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on June 18, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:
Hon. Paul G. Byron

Counsel of Record

Jeffrey McShane
1950 West Phillips Court
Merritt Island, Florida 32952

- 14 -