**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEFFREY MCSHANE,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-00811-PGB-RMN**

**PFIZER INC.,**

**Defendant.**
______________________________/

# ORDER

This cause comes before the Court upon *pro se* Plaintiff Jeffery McShane's ("**Plaintiff**") Amended Complaint (Doc. 20 (the "**Amended Complaint**")) and Motion to Proceed *in forma pauperis* (Doc. 22 (the "**Motion**)). On June 18, 2026, Magistrate Judge Robert M. Norway submitted a Report (Doc. 24 (the "**Report**")) recommending that the Court deny the Motion and dismiss the Amended Complaint without prejudice and without leave to replead. On July 2, 2026, Plaintiff filed his objections (Doc. 27 (the "**Objection**")) to the Report.[1]

[1] Defendant Pfizer Inc. ("**Defendant**") has not filed an objection, and the time to do so has now passed. However, the Court notes that Defendant was never served and, accordingly, has not yet appeared in the action.

Upon consideration, the Court overrules Plaintiff's Objection, adopts the Report, denies the Motion, and dismisses the Amended Complaint without prejudice, without further leave to replead.[2]

## I. LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). However, when the parties object to the findings and recommendations, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). Similarly, "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

## II. DISCUSSION

Plaintiff's Objection is comprised of general objections and mere restatements of the allegations in the Amended Complaint. (*See generally* Doc.

---

[2] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

27). For example, in the Report, the Magistrate Judge recommended dismissing Count V on shotgun pleading grounds because Plaintiff failed to separate negligent supervision and retention into two separate causes of action. (Doc. 24, pp. 8–9). However, rather than addressing the factual findings or legal conclusions of this recommendation, Plaintiff recounts the facts alleged in his Amended Complaint. (Doc. 27, pp. 8–9). Further, Plaintiff maintains that he has "remedied any technical shotgun formatting concerns" in his proposed Second Amended Complaint.[3] (*Id.*; *see also* Doc. 29-1). Plaintiff's argument in his Objection does not establish any error or mistake in the Magistrate Judge's recommendation; not to mention, the Court has yet to grant Plaintiff leave to amend the Amended Complaint.

Moreover, upon a *de novo* review of the additional arguments raised in the Objection, the Court finds that these arguments do not provide an adequate basis for the Court to overrule the Report. Accordingly, the Court agrees entirely with the findings of fact and conclusions of law in the Report, and the Report is incorporated herein by reference. *See Williams v. Omega Labs. Inc.*, No. 25-13436, 2026 WL 1847300, at *2 (11th Cir. June 26, 2026) (holding that a district court need not "restate what was already detailed" by the Magistrate Judge and adopted into the order).

[3] Plaintiff's Motion to Amend, which remains pending before the Court, includes his proposed Second Amended Complaint as an attachment. (*See* Docs. 29, 29-1).

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 27) is **OVERRULED**.

2. Magistrate Judge Robert M. Norway's Report and Recommendation (Doc. 24), issued on June 18, 2026, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 22) is **DENIED**.

4. The Amended Complaint (Doc. 20)[4] is **DISMISSED WITHOUT PREJUDICE** and without leave to amend.

5. The Clerk of Court is **DIRECTED** to terminate all other pending motions and deadlines and to close the file thereafter.

**DONE AND ORDERED** in Orlando, Florida on November 18, 2026.



PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

4 In the Report, the Magistrate Judge cites the Amended Complaint as docket entry 15 in the recommendation section. (Doc. 24, p. 13). It is apparent to the Court that this was merely a scrivener's error because the Magistrate Judge cites the Amended Complaint as docket entry 20 throughout the remainder of the Report. (*See generally id.*).